UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 5:19-cv-01566-LCB |
| ) | |
| OFFICE OF THE SECRETARY ) | |
| OF DEFENSE, et al., ) | |
| ) | |
| Defendants ) | |

## **MEMORANDUM OPINION**

William Lee Grant, II, proceeding pro se, filed a complaint against the Office of the Secretary of Defense, the Missile Defense Agency, and the State of Illinois. (Doc. 1). Plaintiff also filed an Application for Leave to Proceed Without Prepaying Fees and Costs. (Doc. 2). The court **GRANTS** Plaintiff's Application. However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> \* \* \* \* \*
> (B) the action or appeal--
>     (i) is frivolous or malicious; [or]
>     (ii) fails to state a claim on which relief may be granted; . . .

In conducting its review of Plaintiff's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Boxer X v. Harris*, 437 F. 3d 1107, 1110 (11th Cir. 2006). However, the court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

Plaintiff first alleges, pursuant to 42 U.S.C. §§ 1983 and 1985, that the Illinois Governor's Office retaliated against him for filing a civil rights complaint in 2012. The last fact Plaintiff mentions in connection with those claims occurred in 2016. Therefore, the statute of limitations bars his claims. *See Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992) (holding that the statute of limitations for 42 U.S.C. §§ 1983 and 1985 claims in Alabama is two years). Moreover, a federal court in Alabama is not the appropriate venue for Plaintiff's claims regarding his employment in the State of Illinois. *See* 28 U.S.C. § 1391.

In the remainder of his Complaint, Plaintiff alleges that the Department of Defense created him to predict future nuclear attacks, that former Vice President Dick Cheney personally profited from United States military operations, and that

Prince Philip, Duke of Edinburgh, ordered the assassination of Princess Diana. Those claims are frivolous because they describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The court further notes that Plaintiff "has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country and he has made the same claims in many of his filings." *Grant v. Harris*, No. CV 19-763-RGA, 2019 WL 2491680, at *2 (D. Del. June 14, 2019) (citing *Grant v. United States Dept. of the Treasury*, 2018 WL 3748415, at *1 (E.D. Tex. June 25, 2018). Plaintiff's present Complaint appears to be the same document he has filed in other courts, except that he crossed out the name of the court from the previous case heading, and substituted this court's name in handwritten text. That action is consistent with Plaintiff's practice in past cases. As the United States District Court for the Northern District of Rhode Island described:

> Plaintiff is a prolific *pro se* litigant who has filed identical copies of this lawsuit in Federal Courts throughout the country. His Complaint is typewritten but contains handwritten notations and substitutions throughout. For example, Plaintiff handwrote "District of Rhode Island" on his Complaint in the margin and crossed out the name of another federal court where he previously filed this Complaint. Moreover, in the body of his Complaint, he notes that the Federal Courts in the Northern and Central Districts of Illinois; Southern District of Illinois; Central District of California; District of Maryland; Northern District of Georgia; Eastern District of New York; Western

District of Virginia; Eastern, Northern and Western Districts of Texas and the Federal Circuit have found this lawsuit to be frivolous and have dismissed it. . . . A review of his filings in the PACER document filing system confirms that he has filed this lawsuit throughout the country.

*Grant v. Harris*, No. 19-00353-WES, 2019 WL 3937022, at *1 (D.R.I. Aug. 20, 2019). Therefore, even if Plaintiff's claims were not frivolous, res judicata would bar him from repeating his claims before this court.

## CONCLUSION

Based on the foregoing, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this October 4, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE